# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

SAMMY MCMURRAY

    Petitioner,

v.                                              No. CV 11-0023 MV/ACT

JUSTICE JOHN MCCELMOORE,

    Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under rules 4 and 11 of the Rules Governing Section 2254 Cases, on Petitioner's Writ Of Habeas Corpus Pursuant To: 2254 (the "petition"). Also before the Court is Petitioner's Financial Certificate, which the Court construes as a motion for leave to proceed pursuant to 28 U.S.C. § 1915. The Court will grant the § 1915 motion and will dismiss the petition for lack of jurisdiction.

This is Petitioner's second § 2254 petition. In his previous § 2254 proceeding, *McMurray v. Tansy*, No. CV 89-0947 MV/RHS, Petitioner attacked the same state court criminal conviction that he challenges in the instant petition. *See Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972) (noting that court may take judicial notice of its own records). This Court dismissed the petition on the merits, and the Court of Appeals for the Tenth Circuit affirmed the dismissal. *See McMurray v. Tansy*, No. 92-2025, 1992 WL 189109, at *1 (10th Cir. Aug. 7, 1992). Here, Petitioner alleges that the trial judge violated his due process rights by admitting perjured testimony in evidence.

This second petition may not be prosecuted without an authorizing order from the Court of Appeals for the Tenth Circuit. The issue before the Court is thus whether to transfer or dismiss the petition. "When a second or successive § 2254 or § 2255 claim is filed in the district court without the

required authorization from this court, the district court may transfer the matter to [the court of appeals] if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008); *see also Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997); 28 U.S.C. § 1631.

Under *Cline*, the decision to transfer or dismiss a second § 2254 petition requires consideration of several factors: "whether the claims would be time barred if filed anew . . . , whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *Cline*, 531 F.3d at 1251 (citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006)). Petitioner's due process claim is clearly time barred, and, based on Petitioner's multiple filings related to his conviction, it is unlikely that his claims have merit or are filed in good faith. According to the factors in *Cline*, the Court will dismiss Petitioner's petition without prejudice, *see United States v. Chacon*, No. 10-2095, 2010 WL 4846106, at *2 (10th Cir. Nov. 30, 2010), for lack of jurisdiction.

Furthermore, under rule 11 of the Rules Governing Section 2254 Cases, Petitioner has failed to make a substantial showing of denial of a constitutional right, and the Court will deny a certificate of appealability.

IT IS THEREFORE ORDERED that Petitioner's Financial Certificate (Doc. 2), construed herein as a motion for leave to proceed pursuant to 28 U.S.C. § 1915, is GRANTED; and he may proceed without prepayment of costs or other fees or the necessity of giving security therefor;

IT IS FURTHER ORDERED that Petitioner's [Petition For] Writ Of Habeas Corpus Pursuant To: 2254 is DISMISSED without prejudice for lack of jurisdiction, and judgment will be entered;

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

_____
UNITED STATES DISTRICT JUDGE